May it please the court, I'm Jane Kim and I'm here on behalf of the appellants Eden Isle Corporation and Gary Redd. Should a plaintiff be able to accept a Rule 68 offer of judgment after summary judgment has been granted in favor of the defendant? That's the issue before the court today and we believe the answer is no. When a court determines that a plaintiff cannot prevail as a matter of law, nothing in Rule 68 allows that plaintiff to accept an outstanding offer and override a grant of summary judgment. Are you simply preserving this for ad bono review? I mean, it seems to me we've held before to the contrary, haven't we? Yes, appellants recognize and acknowledge that Perkins is controlling in the circuit and that this court has held that a Rule 68 offer remains valid and open for acceptance during the time period provided by the rule, even if a district court enters summary judgment during that period. But given the conflict between circuits, the 11th Circuit has an opinion that created a circuit split in 2018. What can this panel do for you? We believe that the court could hear this appeal, that the panel could recommend to the court to hear this appeal en banc to consider whether Perkins should be able to... Well, I guess... We recognize that the panel is bound by the panel decision, but we do believe that a recommendation to the court to hear this appeal en banc to resolve the circuit split on the operation of Rule 68 after a district court grant summary judgment would be appropriate. We believe that Perkins should be overruled to resolve the circuit split because the 11th Circuit's reasoning in the Taller case cited in our brief is more logical and reasonable and conforms to the overall purpose of the Federal Rules of Civil Procedure. In Perkins, this court concluded that by saying that the clerk shall enter judgment upon a plaintiff's acceptance, Rule 68 leaves the district court no discretion to do anything other than enter the judgment. You see, what problem I have with your position is that this is a self-inflicted wound. The party making the offer that has a Rule 56 motion pending can make acceptance of it conditional on the summary judgment ruling not having been made within the 10-day period. Right? An appellant's position is that we do not believe that... Aren't I right that Perkins leaves that option open to the offering party? Yes, but we do not believe that a plaintiff accepting a Rule 68 offer after the case would otherwise end in summary judgment and effectively winning his case despite having lost on the merits should be a risk that any defendant should have to consider in making an offer of judgment. But this is something that counsel and the offering party can consider, can fully consider. Are we so anxious to get out of this that we won't make this conditioned on the summary judgment ruling not coming forward? Appellants recognize that... This is gambling. This is negotiating. And everything can be negotiated, and I don't see why the offering party gets a head's-eye-win-tells-you-lose situation. I don't think Rule 56 is that predominant. Well, appellants recognize that the Perkins court did suggest that a defendant can condition acceptance of a rule pending the outcome of a... Pending summary judgment motion. However, Mr. Skender cites no published cases where a court actually has considered a Rule 68 offer that conditioned acceptance upon a pending summary judgment motion. And based on the very limited circumstances under which courts have allowed revocation of a Rule 68 offer, it seems like any condition allowing a defendant to shorten the 14-day acceptance period would amount to an impermissible revocation by a party. Because where does one draw the line between conditioning an offer on the outcome of a pending summary judgment motion and conditioning an offer on some event that the defendant hopes might happen?  Why does the court have to worry about it? Well, if a plaintiff is given... Here we have a district court that wasn't even alerted to the offer, right? That's correct. So the parties do their gambling. They play their five-car hold'em. And then when the chips fall, all of a sudden the court, having been in ignorance, has to go back and sort it out to the losing party's advantage. I just don't think that's realistic litigation ruling. Well, if a defendant is held to its Rule 68 offer, even after a grant of summary judgment, then the defendant is left with waiting, having to wait to extend the Rule 68 offer until after summary judgment ruling. And summary judgment motions often take... How did this suddenly get beyond the 10-day period? The offer doesn't stay open beyond... If there's no summary judgment ruling within 10 days and the offer's not accepted, it's gone, right? Right. So I don't understand what you're talking about. Well, if a defendant then would not make a Rule 68 offer until after a ruling has been made... That's always their option. Except the offer's more likely to be accepted if there's still a summary judgment club over the plaintiff's head. But waiting for a court ruling contradicts the purpose of Rule 68 to promote the efficient resolution of litigation. No, no, you don't wait. You're foolish to wait for the... If you wait for the court ruling, you don't understand the dynamics. If you wait for the court ruling and you don't get summary judgment, the price of poker just went up. The Rule 68 serves... Summary judgment serves the same purpose as determination after trial. As what? As a determination after trial. So treating them the same reconciles Rule 66 and Rule 68. This is all about settlement. The courts thrive on settlements. It seems like what you're presenting is what should go in your petition for rehearing on bunk. And you're going to have to address whether this is a substantially important issue or not. And I think Judge Loken, if I'm understanding these questions, is suggesting it's not. But again, we can't do anything about it even if we all agree with you on this. And you need to make that showing, I think, on the petition for rehearing. We understand and we will. Just on this point, a couple issues that we'd like to point out is that Rule 68 provides a method of pre-trial dispute resolution where no judgment has yet been entered. So when the district court granted summary judgment in the appellant's favor, they prevailed and the need for settlement ceased to exist because the litigation had ended on the merits. And there was no further judicial economy to be gained by entering a judgment in favor of Mr. Skender. We believe that the Eleventh Circuit's approach in viewing a grant of summary judgment for exactly what it is, a hard and fast stop to the case, is a more appropriate approach to this issue of the operation of Rule 68 after a district court grants summary judgment. Before I run out... Let's talk about the issues that are coming, the cross-appeal issues. Yes. I was just about to go there. Are you planning to cover them? Are you covering them now? I will just briefly... How much time are you expecting to get afterward? I have five minutes reserved, Your Honor. Well, then let's save it for that. Okay. Why do we have to hear you twice? All right. Thank you. Good morning. May it please the Court, my name is Josh Sanford. I represent Stetson Skender, who is here defending the trial court's application of Perkins v. U.S. West Communications. He is also here to ask this Court to overturn the trial court because of two errors that were committed below. First, the district court should have recused from deciding the attorney's fee motion altogether. And second, the district court erred in several ways when calculating the fee award that it did give. Counsel, I'm sure you're familiar with Oden v. Shane Smith Enterprises. And what I want you to do is tell me why it does not control arguably both of these issues. In Oden, the trial court took issue with the value of the claim. And as I read the order, it said that because the claim is not a big claim, fees must be small. That is not the issue presented in this case. Here, the court didn't say that it was a small claim, but said that because summary judgment was granted, it was an invalid claim. And that is an erroneous analysis of the parties' agreement. Is that the comment the district court made about your client winning on a quote-unquote technicality? Is that what you're referring to? Yes. Rule 68 is not a technicality. Rule 68 is a process that parties use to everyone's great benefit, including the judiciary. And an accepted Rule 68 offer is an agreement between the parties. And in certain circumstances, such as the one here, the court is called upon by the parties to assess a reasonable fee. But this issue doesn't affect Mr. Skender's recovery of the offer of judgment. Unless there's a contingent fee agreement lying beneath the radar that will take some of the $4,000 if the fee award is affirmed, the lack of a fee award. Mr. Skender has no skin in this game, does he? Well, I think the cases are clear, and I can't quote which one it is, that the claim for attorney's fees is owned by the party. I know that, but that doesn't... The party is getting the offer of judgment, absent a contingent fee agreement that's not in the record. Okay. So, this is not an argument for Mr. Skender. This is an argument for his attorneys, as a practical matter. As a practical matter, that's true. I don't think it makes it less valid, because the parties... Well, except that the technicality is... Let me back up. You didn't respond when I asked whether Odin is controlling on the recusal issue. Oh. That, it seems to me, is clearest. And if you disagree, please say why. I think I disagree, and the reason I disagree is that this district court has now three times been reversed under the most generous standard, abuse of discretion, for its fee awards in cases involving Mr. Skender's counsel's law firm. We were reversed three times. I mean, Vines rejected the attacks on the district court, the recusal attacks. Burton was two to one and did not condemn the district court, disagreed with the calculation. And an older case, Jones, reversed the district court. And I think at some point, this court should say that there are so many unforced errors by the trial court regarding the assessment of a reasonable attorney's fee, including in this case, ginning up an excuse to not assess a fee, even when the defendant has agreed to one, that this court can say, the Odin holding is fine, this is a different situation. The defendants agreed to a reasonable fee. Your brief was wrong on that point. Okay. I know what the author said. Yes, and the defendants could have written an offer that said $4,000 to Mr. Skender and nothing for fees. Well, it didn't. Well, it probably couldn't. But it properly left this to the discretion of the district court to determine a reasonable fee. The district court then obeyed Vines by running through the protocol. The Lodestar. The Lodestar. And then rejected it. And then it varied downward from the Lodestar, and then it said, and even more is required here. Yes. There's nothing analytically wrong with that. I beg to differ in that the trial court twice deducted for proportionality or lack of success, like varying from the Lodestar coming down once, then using the exact same analysis to come down again to a dollar, and improperly evaluated the party's statements and negotiations in violation of F.R.E. 408 in a way that indicates that just as in Vines where the trial court has speculated that the plaintiff's counsel engaged in some nefarious negotiation tactics, or in Burton where the trial court ruled that it was wrong to move for summary judgment, that there's yet another reason. In fact, with this trial court, there's always a reason, always a reason to deviate from the Lodestar, even though under Hensley from the U.S. Supreme Court, the Lodestar is the presumptively correct assessment for fees. Counsel, let me ask you a question, please, about the appeal of the recusal order. Why is that timely in this situation? I understand it to be timely because it was not ripe for appeal until the conclusion of the post-trial litigation. I'm sorry, post-trial. Why is it not immediately appealable? It is the denial of a motion to recuse is an interlocutory decision as I understand it. I don't think the party has a right to. Suppose this is post-judgment, right? It is post-judgment. So it's a separate and distinct proceeding. Yes, and I think that second proceeding comes to an end at the entry of the order on fees. So is it just something that can be appealed at any time so long as there's some possibility of some other post-trial activity that might give rise to a motion? I don't understand why this isn't appealable immediately. I understand the authority, which I'm not able to cite at this moment, to be that a denial of a motion to recuse is not a final order, not appealable. Thank you. Thank you. As I was alluding to earlier, there are at least four distinct errors committed by the trial court in assessing why it should yet again deviate downward from the lodestar. Number one, the court misread the offer of judgment so as to cut off fees as of the date of the offer. The offer doesn't say that. Number two, it violated the restrictions imposed by Rule 408 of evidence using the negotiation positions as a tool to assess the actual value of the claim. Number three, its application of a proportionality multiplier to reduce fees is a violation of the city of Riverside case from the U.S. Supreme Court and this court's ruling in Simpson v. Merchant and Planters Bank. And as I said, reducing twice for limited success. In conclusion, the trial court has never, not once, awarded the actual lodestar calculation to the attorneys for Mr. Skinder. And several of the deviations from the lodestar have been reversed. This is another such case. Enough is enough. There are other judges sitting in the Eastern District of Arkansas who can and do follow the law with respect to fees from Mr. Skinder's counsel's law firm. And this case should be remanded with instructions for reassignment to one of those judges and the assessment of a proper fee. Thank you. Thank you so much. I think this court recognizes by now, based on the opinion in Oden, this is not a Judge Wilson issue. This is a Sanford law firm issue. As the Oden court noted, this firm has a long history of the billing issues described in the district court's fee award. And as Judge Loken noted, defendants did not agree to pay a certain amount in fees. That number was to be determined by the court on a properly supported motion. And consistent with that language, Mr. Skinder filed, or counsel filed, a motion for fees. And the district court, in fact, determined a fee award, just as the offer of judgment specified. And in doing that, the district court did not abuse its discretion in making reductions based on the plethora of billing issues, billing practices by the Sanford law firm, and then in a properly considered Mr. Skinder's limited success, and other case-specific factors to determine ultimate fee. What specifically were the findings of the billing practices in this case? There were unreasonable claimed hours. There were the inefficient, duplicative, and unnecessary billing practices. There was the hourly rates were not consistent with the local bar. And then, of course, the degree of success obtained is the most critical factor in determining the reasonableness of a fee award. There's nothing ambiguous in the offer of judgment regarding what fees, to what date the fees and costs would be paid. The term now accrued clearly modifies both reasonable attorney fees and costs. And it's the terms of the offer, not Rule 68, that controls the cutoff of attorney's fees and costs. Had Mr. Skinder wanted to reserve the right to pursue post-offer attorney fees, he was free to negotiate for different terms or reject the offer outright, as he did in the case cited in our brief. Counsel for Mr. Skinder, they're well aware of what is required for obtaining a reasonable fee award. And as this court noted in Odin, they have routinely abused this provision under the FLSA. They chose, counsel chose to submit an insufficient fee petition, despite having an ethical obligation to do so. And they ran the risk of the court reducing. I think what's bothering me here has not been addressed by either counsel yet. And that is, the district court first says, I'm bound by Perkins, but I'm not sure it's right. And then it says, I'm going to take you from a reduced lodestar down to $1, because you shouldn't have won it all but for Perkins. Now it seems to me if that was the court's reasoning, that's hard for us to affirm, isn't it? Well, but I think the fundamental point was that if the court is looking at the most critical factor in determining the reasonableness of a fee award as being the degree of success obtained. My question goes from the 5.16% of the lodestar fee down to $1. But he lost on the merits. He didn't lose on the merits. He got a judgment for $4,000 by reason of controlling a circuit authority. And that the court wasn't real fond of, at least as it affects this case. And so it decides that basically no fee is appropriate, because but for Perkins you wouldn't have won, you would have lost. Isn't that reasoning, if that's a fair reading of the court's analysis, how do you defend that? Well, I can't speak for the district court, but I do think- No, if that's our reading of the court's analysis, we have the record. That's all we have. Well, and the district court noted its misgivings and its concerns about Perkins in its order amending the judgment. And in the court's eyes, Mr. Skender's success was very minimal. And I think we believe that based on the record, it made the appropriate adjustments. But do you agree that the district court basically found that, look, you wouldn't have won if it wasn't for the Eighth Circuit's mess up in the Perkins case, and that that went down or that was a factor in the $1 ultimate decision? I mean, or do you see, how can we view the record otherwise? I view it as the, we view it as the district court looking at the degree of success in terms of the plaintiff's case. And in the eyes of the court, his case lacked merit in its entirety. Before I run out of time, real quick, I agree that the recusal motion is untimely, the notice of appeal, and that it should be affirmed on the same grounds as the district court was affirmed in the Oden case. I thank you for your time. Very good. Thank you, counsel. The case has been thoroughly briefed, and the argument has been helpful and interesting, and we'll take it under advisement.